IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERNEST MEDINA, ) | |
| ) | |
| Plaintiff, ) | 8:16CV334 |
| ) | |
| V. ) | |
| ) | |
| JOHN DOE, Chaplain, and JANE ) | **MEMORANDUM** |
| DOE, Director, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) For the reasons that follow, the court finds Plaintiff's pleadings do not state any claims on which relief may be granted. However, the court will allow Plaintiff to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff maintains that Defendants violated the Religious Land Use and Institutionalized Persons Act, as well as his due process rights. Plaintiff alleges that while he was incarcerated in Lancaster County Jail, he requested that Defendant John Doe provide him with religious reading materials. Plaintiff alleges that Defendant John Doe denied his request. Plaintiff further contends that he submitted a grievance to Defendant Jane Doe about the denial of his request for the materials, but that she did not respond. (Filing No. 1.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Plaintiff has failed to state a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The Supreme Court recently discussed the standard applicable to claims under RLUIPA:

> Section 3 [of RLUIPA]–the provision at issue in this case–governs religious exercise by institutionalized persons, § 2000cc-1. Section 3 . . . provides that '[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.' § 2000cc-1(a).

Holt v. Hobbs, 135 S. Ct. 853, 860 (2005).

Here, Plaintiff alleges that he requested a copy of the "Rites of Initiation of the Ancient and Accepted Scottish Rite." Plaintiff claims that Defendant John Doe denied his request because the materials were too extensive. (Filing No. 1 at CM/ECF pp. 7-8.) Plaintiff claims that he subsequently requested "Pietre-Stone Review: Rites of Initiation of the Ancient and Accepted Scottish Rite," but that his request was denied because the publication was copyrighted. (Filing No. 1 at CM/ECF p. 8.) These allegations do not explain how Plaintiff's exercise of religion was substantially burdened. In other words, Plaintiff does not explain why he needs the reading materials for his religious practices. Therefore, Plaintiff has not stated a claim under RLUIPA.

Moreover, Plaintiff's allegation that Defendant Jane Doe did not respond to his grievance regarding the denial of the reading materials in a timely manner does not state a viable claim under § 1983. A prison official's failure to investigate a grievance

does not rise to the level of a constitutional violation. See [Buckley v. Barlow, 997 F.2d 494, 496 (8th Cir. 1993)](#) (finding that prison officials' failure to process grievances is not actionable under § 1983).

Out of an abundance of caution, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than November 14, 2016. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by November 14, 2016, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: November 14, 2016 check for amended complaint.

DATED this 13th day of October, 2016.

                BY THE COURT:

                s/ *Richard G. Kopf*
                Senior United States District Judge